*JUDGE BATTS*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VINCENT ORLANDO, )<br><br>Plaintiff, )<br><br>v. )<br><br>AAA ATTORNEY SERVICE CO. OF NY, INC. )<br>and )<br>RALPH TRAUB, )<br><br>Defendants. ) | **11 CIV 5527**<br><br>Index No. _____<br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

RECEIVED
AUG – 9 2011
U.S.D.C. S.D. N.Y.
CASHIERS

## I. INTRODUCTION

1.      This is an action for money damages by an individual consumer against defendants for their repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (the "FDCPA"), New York Administrative Code § 20-403, et seq., ("NYC Admin. Code"), New York General Business Law § 349 ("NYGBL"), and for common law fraud and deceit.

This case is about a perjured affidavit of service and important consumer laws available to compensate the aggrieved plaintiff while deterring future misconduct through punitive damages.

## II. JURISDICTION AND VENUE

2.      Jurisdiction of the court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331 in that this dispute involves interpretation and application of federal law. The defendants have violated provisions of the FDCPA in a way that stripped Mr. Orlando's procedural right to due process under the Bill of Rights and Fourteenth Amendment of the United States Constitution.

3.      Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     Venue in this district is proper because the defendants reside here, are licensed to do business here, transact business here and the conduct complained of occurred here.

6.     The defendants regularly do business within this district, and have engaged in a persistent course of conduct within this district. The defendants also have derived substantial revenue from services rendered in this judicial district and state. The defendants have otherwise sufficiently conducted business and/or purposefully availed themselves of the privileges and benefits of this judicial district and state.

7.     The defendants expected or reasonably should have expected the acts alleged in this complaint would have consequences in this judicial district and state.

8.     The defendants caused transactions and occurrences alleged in this complaint to take place in this judicial district and state.

### III.  PARTIES

9.     Plaintiff Vincent Orlando ("Mr. Orlando") is a natural person who resided at all relevant times in the County of Richmond, New York.

10.    Mr. Orlando is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

11.    Defendant AAA Attorney Service Co. of NY, Inc. ("AAA") is a New York State domestic business corporation engaged in the business of serving process on consumer debtors.

12.    AAA's principal place of business is located at 20 Vesey Street, Room 1110, New York, New York 10007.

13.    Defendant Ralph Traub ("Traub") at all times relevant to this litigation was and is a natural person.

14.     At all times relevant to this litigation, Traub resided at 10-39 115th Street, Apt. 2-B, College Point, New York 11356.

15.     At all relevant times to this litigation, Traub was a licensed process server.

16.     At all relevant times to this litigation, Traub was an employee and agent of defendant AAA.

17.     All acts done by Traub were done on his own behalf, and on behalf of defendant AAA.

18.     Traub lost the exemption protection of FDCPA § 1692a(6)(D) when he acted beyond a "mere messenger" by deliberately failing to serve process then creating a falsified affidavit of service knowing that the affidavit would be relied upon by the court to award a default judgment that would be used to wrench payment of a debt through post-judgment enforcement proceedings.

19.     AAA lost the exemption protection of FDCPA § 1692a(6)(D) when it acted beyond a "mere messenger" by knowingly authorizing Traub and others to deliberately fail to serve process and create falsified affidavits of service. AAA was aware that said affidavits were highly likely to be false.

20.     While FDCPA § 1692a(6)(D) exempts process servers "while" they serve process, the exemption is lost when process servers and process service agencies deliberately fail to serve process then create falsified affidavits of service.

21.     The principal purpose of AAA is to aid, through the service of process, the collection of debts using the instrumentalities of interstate commerce, including mails and telephone, and AAA regularly attempts to collect, indirectly, debts owed or due or asserted to be owed or due to another.

22.     The principal purpose of Traub is to aid, through the service of process, the collection of debts using the instrumentalities of interstate commerce, including mails and telephone, and Traub regularly attempts to further the collection of debts owed or due or asserted to be owed or due to another.

23.     AAA is therefore a "debt collector" as defined by, and for purposes of enforcement under, § 1692a(6) of the FDCPA.

24.     Traub is therefore a "debt collector" as defined by, and for purposes of enforcement under, § 1692a(6) of the FDCPA.

25.     At all times material to this complaint, the defendants' misconduct was in furtherance of an attempt to collect monies under an alleged consumer credit account ("the alleged debt").

26.      The alleged debt concerned a consumer credit card, a transaction that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

27.     All factual allegations averred herein are made upon information and belief unless stated otherwise.

## IV.  FACTUAL ALLEGATIONS

28.     On or about November 15, 2010, a consumer credit collection action was commenced against Mr. Orlando in Capital One Bank, (USA), N.A. v. Vincent Orlando, City Civil Court, Richmond County, 23951/10 ("The State Action") to collect the alleged debt.

29.     Defendant AAA was the process-serving agency hired by Capital One Bank and its counsel, Rubin & Rothman, LLC, to serve process on Mr. Orlando.

30.     Traub is the process server who allegedly served Mr. Orlando.

31.     The gravamen of this complaint is centered on the false statements contained in the Affidavit of Service (**Exhibit 1**), which was signed, sworn by Traub and notarized on November 24, 2010 by Harvey Tauber.

**The Falsified Affidavit of Service**

32.     Traub swore that on November 19, 2010, he delivered a copy of the summons and complaint to "Jane" Orlando "relative of the defendant" at 363 Brighton Street, private house, Staten Island, New York 10307-1707. The only female Orlando residing at that address was Vincent Orlando's wife, Linda Orlando. She denies being served papers, at any time, on behalf of Vincent. Annexed as **Exhibit 2** is a copy of Linda Orlando's affidavit executed in The State Action denying service as averred in The Affidavit.

33.     Traub swore that said service was upon a brown-skinned woman with black hair standing at 5' 4," weighing 150 pounds of the approximate age of 36 years. That description does not fit Ms. Orlando. Most notably, she is white. No other female Orlando could have been home to accept those papers as Traub alleges.

34.     Traub further swears to asking "Jane" Orlando whether Vincent Orlando was in the military. The Affidavit swears that she confirmed that he was not. This conversation did not take place. Traub had no conversation with any Jane Orlando. This lie is particularly offensive for its utter disrespect for the United States Military during a time of war.

35.     The defendants created and caused the affidavit of service containing the false non-military declaration that was relied upon by counsel and the court to ascertain compliance with the Servicemember Civil Relief Act ("SCRA").

36.     Said false non-military declaration in The Affidavit amounts to a violation of SCRA § 521(c), which imposes criminal sanctions, including fines and imprisonment, against a person who knowingly makes or uses a false affidavit of non-military service.

37.     The courts have held that the filing of a false affidavit of service is not only an offense prosecutable under federal and state penal laws, but may also constitute contempt of court.

38.     Traub further attests to mailing, on November 24, 2010, a copy of the summons and complaint to Mr. Orlando at 363 Brighton Street, Staten Island, New York, 10307-1707.  Mr. Orlando denies ever receiving a copy of the summons and complaint by mail.

39.     On or about November 29, 2010, the defendants AAA and Traub caused the falsified affidavit of service to be filed with the Civil Court for Richmond County.

40.     The affidavit of service was perjured and used for the purpose of obtaining a default judgment against Mr. Orlando.

41.     The court relied on the falsified affidavit of service in order to award Capital One a default judgment on February 18, 2011.

42.     Mr. Orlando discovered the judgment when he was mailed notification of the enforcement of the judgment well after the judgment was entered.

43.     On April 7, 2011, counsel for Mr. Orlando filed an Order to Show Cause to set aside the judgment for lack of jurisdiction.

44.     On May 2, 2011, the return date of said motion, Rubin & Rothman, LLP, counsel for Capital One, consented to vacate the judgment and discontinue the action without prejudice.

45.     Traub never intended to appear at the traverse hearing and affirm the truthfulness of the affidavit.

46.     Mr. Orlando – and the court – relied on the presumption that the affidavit of service was truthful to enable the court to render a decision leaving no question as to the validity and fairness of the court's decision. Instead, defendants' misconduct engendered service litigation adding costs and damages to Mr. Orlando and others similarly situated.

47.     But for the false statements contained in the affidavit of service – and the subsequent lack of service – Mr. Orlando would not have been forced to engage in needless service litigation. Mr. Orlando was justified in hiring an attorney to prepare a motion to vacate the judgment to protect himself from undue enforcement proceedings.

48.     AAA, as principle, is liable for the fraudulent acts of its agent, Traub, which he committed within the scope of his authority. The creation and/or submission of the affidavit of service were done in furtherance of AAA's business practice, and with Traub's apparent or actual authority.

49.     AAA is liable for the acts of Traub because it ratified his fraudulent acts and retained the benefits derived therefrom.

50.     AAA knew, or should have known, that Traub had a history of process-service complaints and violations, and it was further aware of the substantial likelihood that Traub would commit misconduct in the future.

51.     AAA knew, or should have known, of facts that would lead the reasonably prudent person to investigate the truthfulness of Traub's affidavits of service.

52.     AAA knowingly authorized Traub to file false affidavits of service that would act to mislead the civil court and mislead Mr. Orlando.

53.     AAA pays its process servers an unreasonably low amount per completed service, a practice that promotes sewer service.

54.    The Department of Consumer Affairs, in charge of oversight of the process serving industry in New York City, has limited resources to investigate and prosecute dishonest process servers.  Given that dishonest acts will not likely be discovered, AAA has little incentive to ensure that the process servers acting on its behalf act in good faith and in accordance with the law.

55.    As the direct result of the defendants' violations asserted in this complaint, Mr. Orlando has suffered pecuniary and non-pecuniary damages.

56.    Mr. Orlando's actual, pecuniary damages, include but are not limited to, attorneys' fees relating to dismissal of The State Action, and travel expenses.

57.    Mr. Orlando's actual, non-pecuniary damages, include but are not limited to, anxiety, sleep deprivation, panic, stomach pains, nervousness, headaches, fear, worry, embarrassment, humiliation, intimidation, lost concentration at work; instability, indignation, emotional imbalance, loss of tranquility, marital strain, irritability, loss of happiness, and indignation.

## V.  FIRST CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS
### (Violations of the FDCPA)

58.    The plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

59.    The defendants willfully violated the FDCPA.  The violations include, but are not limited to, the following:

a)    Preparing and communicating false, deceptive, and misleading statements in a sworn affidavit under oath in furtherance of the collection of a debt, in violation of §§ 1692d, 1692e, 1692e(2), 1692e(9), 1692e(10), 1692f.

b)    Deliberately obstructing the administration of justice through a perjured affidavit of service used to induce the court to enter a default judgment, in violation of §§ 1692d, 1692e, 1692e(2), 1692e(9), 1692e(10), and 1692f.

c)      Violating laws and regulations governing the conduct of process servers, including New York City (NYC Admin. Code 20-403, et seq.), New York State (NYBGL § 89) and Federal Law (SCRA § 521c) as set forth in this complaint represent unfair, abusive, misleading, deceptive, and oppressive acts, in violation of §§ 1692d, 1692e, 1692e(9), 1692e(10), and 1692f.

d)      Making a false non-military declaration in The Affidavit in violation of Servicemembers Civil Relief Act ("SCRA") § 521(c), which also represents an unconscionable and deceptive means to further the collection of a debt in violation of §§ 1692d, 1692e, 1692e(9), 1692e(10), and 1692f.

e)      Failing to affirm the truthfulness of the affidavit when contested is an unfair and oppressive litigation tactic calculated to foreclose Mr. Orlando's right to legally challenge the judgment, in violation §§ 1692d, 1692e, 1692e(2), 1692e(9), 1692e(10); 1692f and 1692f(1).

f)      In subscribing to a written instrument false statements for which an oath is required by law with the intent to mislead a public servant in a material proceeding in The State Action, in violation of §§ 1692e, 1692e(2), 1692e(9), 1692e(10), 1692f and 1692f(1).

g)      The defendants' acts and omissions alleged in this complaint, singularly and collectively, amount to unfair and unconscionable means to collect a debt in violation of §§1692d, 1692e, and 1692f.

60.    As the direct result of the defendants' FDCPA violations, the plaintiff has suffered pecuniary and non-pecuniary damages.

61.    As a result of these violations, Mr. Orlando suffered actual damages, which include but are not limited to, those injuries set forth in paragraphs 55 through 57 in this complaint.

## VI. SECOND CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS
### (Violation of NYC Admin. Code § 20-403, et seq.)

62.     The plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

63.     Title 20, subchapter 23 of the New York City Administrative Code governs licensing and regulates the conduct of process servers in the City of New York.

64.     Defendant Traub is a "process server" as defined by NYC Admin. Code § 20-404, and at all relevant times was required to comply subchapter 23 of the NYC Admin. Code.

65.     Defendant AAA is a "process serving agency" as defined by NYC Admin. Code § 20-404, and at all relevant times was required to comply subchapter 23 of the NYC Admin. Code.

66.     Defendant AAA distributed or assigned service of process to defendant Traub, and did so in this case, for the stated purpose of serving, preparing and filing an affidavit of service to be filed in the state action.

67.     Largely unchecked, New York City process servers perpetrate repeated frauds through falsified affidavits of service but escape the law because their victims lack the means to detect and contest it. Deemed "sewer service," studies show that the practice continues to be a massive problem.

        Consequently, the New York City Council enacted amendments, entitled Local law 7, to the New York City Administrative Code to raise awareness, penalize, and provide a private cause of action against process servers who cause injury to people victimized by sewer service.

68.     Among the requirements of this statute, process servers and process serving agencies are required to: obtain surety bonds to guaranty compliance with this code; log all service attempts into an electronic system; provide a statement of employee rights and employer responsibilities to every process server under their employ; keep for three years a statement signed by each employee indicating that the employee read and understood the statement of rights and

obligations; obtain a license and pass an examination; and maintain records and electronic service logs for seven years.

69.     It is alleged, and will be developed, that the defendants violated many of the rules cited above. The defendants foreclosed Mr. Orlando's right to exercise his private cause of action under this code by purposefully failing to appear at the court-ordered traverse hearing.

70.     AAA is legally responsible for the acts and omissions of defendant Traub under subchapter 23 of the NYC Admin. Code, as well as under the common law doctrine of *respondeat superior*.

71.     Traub willfully failed to serve process then lied about effecting service.

72.     Traub's false assertions of substituted service and false non-military declaration were perjurious and used to deceive the court into entering a default judgment.

73.     The defendants failed to conform to laws of New York City and New York State laws relating to service of process, and to the preparation, notarization and filing of affidavits of service and other documents.

74.     When Traub's affidavit of service was contested, the defendants purposefully evaded a traverse hearing.

75.     Traub never intended to appear at a traverse hearing.

76.     As a result of these violations of subchapter 23 of the NYC Admin. Code, Mr. Orlando is entitled to compensatory damages as alleged herein, punitive damages for the defendants' willful failure to serve process and affidavit, injunctive and declaratory relief, attorneys' fees and costs, and such other relief as this court deems appropriate pursuant to NYC Admin. Code § 20-409.2.

## VII.   THIRD CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS
### (Common law fraud and deceit)

77.     The plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

78.     The essential constituents of a fraud and deceit cause of action are:  representation of an existing material fact; falsity; *scienter*; deception; and, injury. One who fraudulently makes a misrepresentation for the purpose of inducing another to act, or refrain from action in reliance thereon, is liable for the harm caused by the other's justifiable reliance upon the misrepresentation.

79.     New York State recognizes a fraud-and-deceit theory in connection with using the court system to knowingly file falsified affidavits to secure default judgments.

80.     Traub knowingly made false statements of fact in his Affidavit of Service.

81.     Traub's false statements in the affidavit were made with the intent to deceive Mr. Orlando and the court into believing that substituted service had been properly effectuated under New York law.

82.     The defendants together acted knowingly when making the false statements in the affidavit and in causing the Affidavit containing the false statements to be filed in The State Action.  AAA further acted knowingly in failing to ensure the affidavit was correct, when it knew or should have known that Traub's affidavit contained false statements.

83.     The defendants together acted knowingly with the intent to deceive when making the false statements in the affidavit and in causing the affidavit containing the false statements to be filed in the state action. Defendant AAA further intentionally elected not to review or otherwise act to ensure the accuracy of the affidavit when it knew or should have known that it contained false statements.

84.     Mr. Orlando, and the court, relied on the presumption that Traub's affidavit was truthful. The courts must be able to rely on the truthfulness of an affidavit of service, and upon the sworn testimony of a process server, in order for litigation to proceed and courts to render decisions without question as to their validity and fairness.  Instead, defendants' misconduct has engendered service litigation, creating needless injury to Mr. Orlando.  The defendants' practices also waste judicial resources and threaten the integrity of the legal system.

85.     Defendants knew that the court and Mr. Orlando were forced to rely on the false affidavit since it was filed in an ex parte fashion calculated to deprive Mr. Orlando of procedural due process.

86.     But for the false statements contained in the affidavit and the subsequent lack of service, Mr. Orlando would not have been forced to incur the costs to engage counsel to prepare and argue a motion to dismiss for lack of jurisdiction.  Mr. Orlando was justified in hiring an attorney to prepare a motion to dismiss or risk waiving his defense under CPLR § 3211e.

87.     The false statements in The Affidavit need not have been made directly to Mr. Orlando since he was the person who was intended to act – or *not act* – upon them.  Neither privity nor a relationship, which is the functional equivalent of privity, is a required element of intentional fraud. The false statements need not have been made directly to Mr. Orlando since he was the person who was intended to act – or *not act* – upon them.

88.     As the direct result of the defendants' fraud, Mr. Orlando has suffered pecuniary and non-pecuniary damages.

89.     As a result of these violations, Mr. Orlando suffered actual damages, which include but are not limited to, those injuries set forth in paragraphs 55 through 57 in this complaint.

## VIII.   FOURTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS
### (Violation of NYGBL § 349)

90.     The plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

91.     NYGBL § 349 declares unlawful any deceptive acts or practices in the conduct of any business, trade or commerce, or in the furnishing of any service in this state.

92.     The deceptive conduct complained of occurred during, and in furtherance of, the defendants' for-profit business enterprise of serving process on consumers being sued for alleged defaulted debt.

93.     The defendants' acts and practices have been directed entirely at consumers, and the defendants' acts and practices have broad impact on the New York consuming public.

94.     The defendants' acts and practices are part of a recurring practice of knowingly engaging in the practice of sewer service.

95.     Sewer service has the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because it deprives consumers of federally guaranteed right of due process. This practices deceives consumers at-large, the judiciary, banks, marshals, and sheriffs.  These acts contribute to an increasing number of personal bankruptcies, lead to marital instability, job loss, which are all significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

96.     The defendants' deceptive acts and practices violate NYGBL in the following ways without limitation: a) purposefully failing to serve process on Mr. Orlando and others similarly situated; b) preparing and communicating false, deceptive, and misleading statements in sworn affidavits under oath and in furtherance of the collection of a debt; c) causing affidavits of service containing false and misleading statements to be filed with the courts; d) deliberately obstructing the administration of justice through perjured affidavits of service used to induce the

court to enter default judgments; and e) subscribing to written instruments false statements for which an oath is required by law with the intent to mislead a public servant in a material proceeding in state collection cases.

97.     A vast majority of cases in which sewer service occurs result in default judgments against unaware, uneducated and destitute consumers.

98.     As a result of the defendants' deceptive acts and practices, Mr. Orlando suffered actual damages, which include but are not limited to, the injuries set forth in paragraphs 55 through 57 of this complaint.

99.     As a result of these violations of NYGBL § 349, Mr. Orlando is entitled to an injunction barring the defendants from engaging in deceptive acts and practices, and to recover actual damages as alleged in this complaint, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

## IX.  PUNITIVE DAMAGES ARE REQUIRED HERE TO PUNISH DEFENDANTS AND DETER FUTURE BEHAVIOR

100.    Punitive damages are warranted here to confer the meaningful public benefit of holding accountable those who misuse the court system for pecuniary gain. Sewer service is a practice that is aimed at the public generally and has devastating consequences to the citizens of this and other states.

101.    The defendants' repeated acts of sewer service and perjury evince a high degree of moral turpitude, and demonstrate such wanton dishonesty as to imply a criminal indifference to civil obligations.

102.    The defendants are much more likely to pause and consider the consequences if they are required to pay more than the actual losses suffered by an individual plaintiff.

103.    Additionally, the defendants' misconduct burdens the courts with defective lawsuits and deprives state court defendants of due process and causes acute harm to destitute consumers who are forced to face the collateral consequences of judgment enforcement.

104.    The conduct is especially wanton because it involves the deceit of the judiciary system, enforcement officers, and the financial industry, all of which cause devastating loss and grief to consumers and their families.

105.    The courts are unduly burdened by service litigation as the parties dispute the validity of the service is contesting the legality of a default judgment.

106.    Compensatory damages alone are not appropriate here because they would do no more than return the money the plaintiff Mr. Orlando was forced to spend to dismiss the State Action. Sewer service is a continuing epidemic and deterrence through punitive damages is necessary to vindicate a public right and deter the defendants' continued immoral and illegal conduct.

107.    The claims Mr. Orlando here asserts are not isolated, but part of a gross and wanton fraud upon the public. Mr. Orlando is but one of the few consumers aware and bold enough to challenge the fraudulent conduct alleged.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests the court grant the following relief:

a.      On the FIRST CLAIM FOR RELIEF, for violations of the FDCPA, actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

b.      On the SECOND CLAIM FOR RELIEF, for violations of NYC ADMIN. CODE § 20-403 et seq., a declaratory judgment that defendants AAA and Traub violated this statute, actual damages, compensatory damages, attorneys' fees and costs, and punitive damages for

defendants' willful failure to serve process, and such other relief as this court deems appropriate pursuant to NYC Admin. Code § 20-409.2;

      c.     On the THIRD CLAIM FOR RELIEF, for common law fraud and deceit, actual damages, compensatory damages, and punitive damages as Defendants' actions and behavior were and are intentional, willful, deliberate, grossly wanton, reckless and demonstrate a high degree of moral culpability, are aimed at the public and harm the public interest;

      d.     On the FOURTH CLAIM FOR RELIEF, for violations of NYGBL § 349, actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h); and for

      e.     Such other and further relief as law or equity may provide.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, plaintiff demands a trial by jury as to all issues so triable.

Dated:  August 5, 2011
       New York, New York

                            Respectfully submitted,

                            Jesse Langel, Esq. (JL-7079)
                            The Langel Firm
                            225 Broadway, Suite 700
                            (646) 290-5600
                            (646) 964-6682
                            jesse@langellaw.com

# Exhibit "1"

CIS – SUITABLE AGE WITH MILITARY
IYY1189654 – RUBIN & ROTHMAN LLC

## CIVIL COURT – RICHMOND COUNTY

CAPITAL ONE BANK (USA), N.A.,

PLAINTIFF

Index No: 10R0/23951
Date Filed: 11/15/2010
Office No: 899369
Court Date:

2010 NOV 29  AM 9: 2

– vs. –

VINCENT ORLANDO,

DEFENDANT

22NYCRR 208.6 (H)
COMPLIANT

STATE OF NEW YORK, COUNTY OF NEW YORK :SS:
RALPH TRAUB being duly sworn, deposes and says;

I am over the age of 18 years, not a party to this action, and reside in the State of New York.

That on 11/19/2010 at 3:30PM at 363 BRIGHTON ST PVT HOUSE, STATEN ISLAND, NY 10307–1707, I served the SUMMONS AND COMPLAINT upon VINCENT ORLANDO the DEFENDANT therein by delivering and leaving a true copy or copies of the aforementioned documents with "JANE" ORLANDO, RELATIVE OF THE DEFENDANT, a person of suitable age and discretion.
Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of service as follows:

| SEX: FEMALE | COLOR: BROWN | HAIR: BLACK |
|---|---|---|
| APP. AGE: 36 | APP. HT: 5'4 | APP. WT: 130 |

OTHER IDENTIFYING FEATURES:

On 11/24/2010 I deposited in the United States mails a true copy or copies of the aforementioned documents properly enclosed and sealed in a post–paid wrapper addressed to said DEFENDANT at 363 BRIGHTON ST PVT HOUSE, STATEN ISLAND, NY 10307–1707. That address being last known residence, usual place of abode of the DEFENDANT.
Copy mailed 1st class mail marked personal & confidential not indicating on the outside thereof, by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

That at the time of service, as aforesaid, I asked "JANE" ORLANDO, RELATIVE OF THE DEFENDANT whether the DEFENDANT was in or a dependant of a person in the military service of the United States Government, or the State of New York, and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid I aver that the DEFENDANT is not in the military service of the United States Government or the State of New York, as that term is defined in statutes of the State of New York, or the Federal Soldiers and Sailors Civilian Relief Act.

DEPONENT further states that the summons served upon the defendant(s) had displayed and set forth on its face the words and added legend or caveat required by sub. (e) (f) and (h) of section 2900:2 of the Civil Court Rules.

Sworn to before me on 11/24/2010.

HARVEY TAUBER
Notary Public, State of New York
No: 01TA4647042
Qualified in BRONX
Commission Expires 12/31/2010

RALPH TRAUB – 792616
A.A.A. ATTORNEY SERVICE CO. OF NY, INC.
20 VESEY ST., ROOM 1110
NEW YORK, NY 10007
ER

# Exhibit "2"

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------X   Index No. CV-023951-10/RI
CAPITAL ONE BANK (USA), N.A.

                         Plaintiff,

                                                    **AFFIDAVIT OF LINDA
                                                    ORLANDO**

         -against-

VINCENT ORLANDO,

                         Defendant.
-----------------------------------------------------------X
STATE OF NEW YORK     )
                                  ss.:
COUNTY OF RICHMOND  )

Linda Orlando, being duly sworn, deposes and says:

1.      I am the wife of the defendant in this action. I submit this Affidavit in support of

my husband's request to re-open his case, vacate the default judgment entered against

him, stay all enforcement action of the default judgment, and dismiss the complaint for

lack of jurisdiction.

2.      I have reviewed the Affidavit of Service in this case. It claims a process server

served the summons and complaint on a "relative of the defendant" at our home at 363

Brighton Street, private house, Staten Island, NY 10307-1707 on November 19, 2010, at

3:30 PM.

3.      To my knowledge, my husband Vincent never received a copy of the summons

and complaint, and I certainly never was given a copy of a summons and complaint for

him. I can say without reservation that I did not ever, on November 19, 2010, or on any

other day, receive a summons and complaint from anyone.

4.      Other than myself, the only other "relative" of Vincent's who would have been at our home would have been our two small children.

5.      The Affidavit of Service describes the supposed "relative" as a woman around 36 years old, five foot four inches tall, 130 pounds with black hair and brown skin. This does not describe anyone who is a relative of ours or anyone who has ever been in our house, nor does it describe me.

6.      The most glaring discrepancy between the person described in the Affidavit of Service and the way I look is that my skin is, without question, white.

7.      Additionally, the process server claims to have asked the person he allegedly served if my husband was in the military. I have never in my life had a conversation with anyone about whether or not my husband was in the military.


Dated:  April _6_, 2011
        New York, NY


                                        _Linda Orlando_
                                        Linda Orlando

## VERIFICATION

State of New York, County of Richmond      ss:
_LINDA_
~~Vincent~~ Orlando, being duly sworn, deposes and says: I have read the Affidavit and know the contents to be true from my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

Sworn to me this _6_ day of April, 2011

                                        _Linda Orlando_
                                        Linda Orlando

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VINCENT ORLANDO, | )  Index No. _____ |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AAA ATTORNEY SERVICE CO. OF NY, INC. | ) |
| and | ) |
| RALPH TRAUB, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND JURY DEMAND**

Dated:  August 8, 2011
        New York, New York

Jesse Langel, Esq. (JL-7079)
The Langel Firm
225 Broadway, Suite 700
(646) 290-5600
(646) 964-6682
jesse@langellaw.com